```
                UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT


MMG Insurance Company,              :
    Plaintiff,                      :
                                    :
    v.                              :  No. 1:07-CV-4
                                    :
Glenn Myer,                         :
    Defendant.                      :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 20)

MMG Insurance Company ("MMG") seeks a declaration of its obligation under its homeowners insurance policy issued to defendant Glenn Myer. A state court jury rendered a $350,000 judgment against Myer for slander and intentional infliction of emotional damage ("IIED") in an action brought by Reggie Cooper. MMG paid for part of Myer's defense in the state court case under a reservation of rights agreement. MMG alleges that it is not obligated to indemnify Myer for the judgment or pay any part of the legal fees involved with the appeal of the judgment. The case is before the Court on MMG's motion for summary judgment.

### Background

In 2002, Myer began a heated dispute with Reggie Cooper,

over a failed property transaction.  In 2003, Cooper brought suit in state court against Myer for slander.  Myer tendered defense of that suit to his insurer, Pharmacists Mutual Insurance Company ("PMIC").  In 2004, Myer obtained a homeowners insurance policy from MMG.  The policy provided coverage from July 1, 2004 through July 1, 2005.  On March 22, 2005, Myer called the Stowe police department and further slandered and threatened Cooper.  The complaint in the original suit was amended to add slander and IIED stemming from the phone call.

In October 2005, PMIC informed MMG for the first time that Myer was being sued.  On February 8, 2006, a few days before the trial was to begin, Myer tendered the defense to MMG.  MMG and Myer executed a reservation of rights agreement under which MMG agreed to split the defense costs with PMIC.  The agreement states in pertinent part:

> "Under the reservation of rights, MMG Insurance Company will agree to pay its share of the cost of a legal defense, reserving the right later to contest whether it is required to indemnify you for all or part of any judgment or settlement that might occur as a result of Mr. Cooper's claim."

On February 23, 2006, a jury awarded Cooper $350,000 on the slander and IIED claims.  MMG paid its half of the defense costs.  After the trial, MMG withdrew from the

defense.  Myer appealed the case to the Vermont Supreme Court but MMG has refused to pay for any more costs, claiming, inter alia, that the jury's verdict established that there is no coverage under the policy since Myer's acts were intentional.  On appeal, the Vermont Supreme Court affirmed the judgment against Myer.  <u>Cooper v. Myer</u>, __ A.2d __, 2007 WL 4633528(VT), 2007 Vt. 131.

In this action MMG seeks a declaratory judgment that: (1) it is not required to indemnify Myer for the judgment; (2) it is not required to pay any costs or interest resulting from the judgment against Myer; (3) it is not required to pay legal costs in a separate declaratory action brought against Myer by PMIC; and,(4) it is not required to pay for Myer's appeal.

Myer has conceded that MMG owes no indemnity for the judgment against him, the associated costs and interest, and the legal costs in the action by PMIC.  However, Myer alleges that MMG is obligated to pay one-half of the outstanding legal costs for continued defense of the suit, including costs for the appeal.[1]

Discussion

---

[1] At oral argument MMG informed the Court that it does not seek reimbursement for costs it has already paid through the date of the state court verdict.

The only remaining issue in this case is whether MMG is obligated to pay one-half of the legal fees after the verdict was rendered.  The Court must determine if MMG has a duty to defend and, if so, the scope of that duty.

MMG argues that any duty to defend is defined by the original homeowners insurance policy.  However, MMG entered into a new agreement with Myer when they executed the reservation of rights agreement.  While the reservation of rights agreement pertains to the homeowners policy, it is a separate contract with its own rights and obligations.

The reservation agreement allowed MMG to participate in Myer's defense while reserving "its rights to contest whether the Policy affords [Myer] with insurance coverage."  In exchange MMG agreed to "pay its share of the cost of a legal defense."  Myer also agreed to file special interrogatories to allow MMG to better identify its respective indemnity responsibilities.  Therefore, by its own terms the reservation agreement gave rise to a duty to defend Myer by paying a share of the defense.

Because the duty to defend arose from the terms of the reservation agreement and not from the homeowners policy, MMG's claim that the homeowners policy is void due to fraud, the known loss doctrine, or late notice, need not be

4

addressed.  However, the extent of MMG's obligation under the reservation agreement must be determined.

A.   MMG's Right to Contest the Duty to Defend

MMG argues that it reserved the right to contest the duty to defend in the reservation agreement.  The reservation agreement specifically reserved MMG's right to contest "whether the [homeowners policy] affords [Myer] with coverage" and "whether [MMG] is required to indemnify [Myer]."  However, "indemnity" and "coverage" do not automatically equate to providing a defense.  The language of the agreement is ambiguous concerning whether MMG reserved the right to contest its obligation to defend Myer.

Ambiguity is generally construed in favor of the insured.  City of Burlington v. Indem. Ins. Co. of N. Am., 332 F.3d 38, 45 (2d Cir. 2003) (citing City of Barre v. N.H. Ins. Co., 136 Vt. 484, 486, 396 A.2d 121, 122 (1978)). Construing the terms of the agreement in favor of Myer would mean that the right to contest "indemnity" and "coverage" did not include the right to contest the duty to defend. Therefore, the reservation agreement obligated MMG to provide a defense to Myer and did not reserve the right to contest the duty to defend.  The remaining question is the extent of the defense that MMG agreed to provide.

5

B.  The Extent of the Duty to Defend

The reservation agreement does not specifically discuss how long MMG will "pay its share."  The agreement states only that MMG "will take all necessary steps to share in the defense of the claims against [Myer]."  It is therefore ambiguous whether this included the costs of an appeal.

Again, the ambiguity must be construed in favor of Myer as the insured.  Id.  Construing the words "necessary steps" in favor of Myer would mandate the inclusion of a reasonable appeal of an adverse judgment.  Because the reservation agreement did not specifically limit the defense to trial costs alone, the costs of appeal must be included.  See, e.g., Cathay Mortuary (Wah Sing), Inc. v. United Pac. Ins. Co., 582 F. Supp. 650, 655-56 (N.D. Cal. 1984) ("[T]he duty to appeal is not precluded by contract unless the contract very specifically exempts the insurer from the duty to appeal."); Truck Ins. Exch. of Farmers Ins. Group v. Century Indem. Co., 887 P.2d 455 (Wash. Ct. App. 1995) ("[W]here there are reasonable grounds to believe a substantial interest of the insured may be served or protected thereby, absent an express provision to the contrary, the insurer's duty to defend includes the duty to seek postjudgment relief.").  The Court agrees with the reasoning of these

6

cases and finds that the cost of a reasonable appeal is part of the defense.  Therefore, MMG is obligated by the reservation of rights agreement to pay half of the cost of Myer's appeal.

## Conclusion

For the foregoing reasons I recommend that the following declaratory judgment be entered:

(1) MMG is not required to indemnify Myer for the judgment;

(2) MMG is required to pay its part of the legal fees from the time defense was tendered to them to the time Myer's response was filed, October 12, 2007;

(3) MMG is not required to pay legal costs in a separate declaratory action brought against Myer by PMIC;

(4) MMG is not required to pay any costs or interest resulting from the judgment against Myer.

Dated at Burlington, in the District of Vermont, this 22nd day of February, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the

court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).